GLADNEY, Judge.
This action in tort arises from a collision on November 20, 1954 in which the automobile of Ocia Smith, plaintiff herein, was struck by a switch engine of the Illinois Central Railroad Company at the intersection of Hamilton Lane and the tracks of defendant railroad in Bossier City. Plaintiff’s petition was filed on March 18, 1955, partially tried on May 8, 1962 and finally submitted to the court and adjudicated on November 26, 1965. From a judgment rejecting plaintiff’s demands he has appealed.
Appellant’s original petition alleged that - on the date of the accident about 6:30 P.M., daylight' still being prevalent, he was driving his DeSoto automobile south on Hamilton Lane when it was struck by a switch engine of the defendant and as a result of the collision, his automobile was completely demolished and he sustained personal injuries. It is alleged that - the employees of the defendant railroad were negligent in operating the engine across the public road without having a flagman or other traffic controls, all in violation of Ordinance No. 220 of 1934 of the City of Bossier City; in failing to blow its horn or whistle, while operating the engine at an excessive rate, of speed approximately 15 miles per hour, and in not maintaining a proper look-out. Additionally, an alternative plea based on the last clear chance doctrine is presented.
The defendant denies any negligence on its part and alleges the proximate cause of the accident was the negligence of plaintiff in failing to keep a proper look-out and to see the moving train as it approached the crossing; in failing to have his automobile under proper control and in failing to avail himself of the last clear chance of stopping his automobile in time to avoid the accident. Additionally, in the alternative, contributory negligence of the plaintiff is specially plead based upon the allegations of his negligence as above set forth.
Upon trial of the case appellant’s testimony as to the occurrence of the accident was not corroborated by other witnesses. His testimony was substantially contradicted by five employees of the railroad. Contrary to his allegations in the original petition, Smith testified that as he approached the crossing at Hamilton Lane traveling from East Texas Street towards Barksdale Boulevard in a southerly direction he drove up to the railroad tracks, saw the train and stopped; that he did not observe any flagman, did not hear a bell ring, and did not hear a whistle blow, and he drove forward and was struck by the train. His automobile was pushed approximately 100 feet or more from the point of impact.
Witnesses testifying on behalf of the appellee railroad stated that approximately 50 feet north of the railroad tracks at the crossing there was a Louisiana stop law sign; that the switch engine, coupled to which were twenty-one boxcars, was moving east along said railroad at a speed of five to six miles per hour and that the switch engine had commenced its movement some 200 to 300 yards west of the crossing with its bell ringing constantly. The locomotive engineer, C. E. Hough, was seated on the south side of the engine and was not in a position to see the Smith automobile on the north side. B. L. Barnes, the locomotive fireman, was on the north side of the train and observed Smith’s automobile approaching the crossing at a speed of 35 to 45 miles per hour and that it slowed as though it were going to stop, but when it came within 30 to 40 feet of the crossing it was apparent that the driver of the automobile would not stop; whereupon he directed the engineer to stop. Engineer Hough testified he immediately applied his brakes and was able to bring his train to a stop within 100 to 120 feet. Corroborative testimony is furnished by F. A. Goodrich, switchman, and Joe Wilson Crosby.
The record discloses that Hamilton Lane was a 23 foot black-top highway on which there was considerable traffic. The provisions of Ordinance No. 220 of 1934 required of the railroad company that it *195 have a flagman or other traffic control present at the Hamilton Lane crossing. Admissions by the train crew involved clearly show there was a violation of the ordinance as no flagman was present at the crossing. In this respect the defendant was negligent The other charges of negligence are not made out, the preponderance of the evidence clearly showing that the bell was ringing from a distance of at least 100 feet west of the crossing and the blowing of the whistle was not required by the ordinance. There was no evidence that the train was traveling more than 5 or 6 miles per hour and testimony of the fireman discloses that an alert look-out was being maintained.
A preponderance of the evidence clearly shows plaintiff failed to stop in obedience to the stop sign and that he was negligent in failing to maintain a proper look-out. By reason of these factors it is our holding that plaintiff was guilty of contributory negligence which constitutes a bar to his recovery.
The judgment is affirmed at appellant’s cost.